J-S40036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRYSON NEHEMIAH FLOWERS | : | |
| | : | |
| Appellant | : | No. 361 MDA 2025 |

Appeal from the PCRA Order Entered January 17, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004085-2020

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: DECEMBER 23, 2025**

Bryson Nehemiah Flowers (Appellant) appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] Appellant's counsel, Kristen L. Weisenberger, Esquire (Counsel), has filed a petition to withdraw from representation and a brief purportedly pursuant to **Anders v. California**, 386 U.S. 738 (1967).[2]  After careful consideration, we grant Counsel's petition to withdraw and affirm the PCRA court's order.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Because Appellant appeals from the PCRA court's dismissal order, Counsel was required to file a **Turner**/**Finley** no-merit letter to accompany her petition to withdraw.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, "[b]ecause an **Anders** brief provides greater protection to [an appellant], this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley**
*(Footnote Continued Next Page)*

The PCRA court summarized the relevant history underlying this appeal:

By Criminal Information …[,] [Appellant] was charged with allegedly having committed the offenses of persons not to possess firearms (two counts), firearms not to be carried without a license, possession with the intent to deliver a controlled substance (six counts), possession of drug paraphernalia, and a summary motor vehicle offense. [**See** 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1); 35 P.S. §§ 780-113(a)(30), (32); 75 Pa.C.S.A. § 3323(b).] On September 21, 2021, [Appellant] appeared before the [trial court] and tendered a negotiated guilty plea. Pursuant to the negotiated agreement, [Appellant pled guilty to one count of persons not to possess firearms, [one] count of firearms not to be carried without a license, and the summary motor vehicle offense. The other counts were *nolle prossed* by the attorney for the Commonwealth. The [negotiated] aggregate sentence of incarceration was for a period of not less than five nor more than ten years. [Appellant did not file a direct appeal.]

… [O]n February 27, 2024, [Appellant] filed a *pro se* [PCRA petition]. The [PCRA] court appointed Daniel C. Bardo, Esquire [(Attorney Bardo)], to represent [Appellant]. On November 4, 2024, following multiple orders for extensions [of] time, [Attorney Bardo] filed a "no-merit" letter and accompanying petition to withdraw as counsel, compliant [with **Turner**, **Finley**, and] **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006).

PCRA Court Pa.R.Crim.P. 907 Notice of Intent to Dismiss PCRA Petition (Notice of Intent), 12/2/24, at 2 (capitalization modified; footnotes omitted; statutory citations added).

On December 2, 2024, the PCRA court issued its Notice of Intent. The PCRA court granted Appellant 20 days to file a response. Appellant failed to do so. On January 17, 2025, the PCRA court dismissed Appellant's PCRA

letter." **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

petition and granted Attorney Bardo leave to withdraw. PCRA Court Order, 1/17/25. However, the PCRA court's order indicated it was distributed on January 21, 2025. On February 21, 2025, the court filed *pro se* correspondence from Appellant indicating his intent to challenge the trial court's order. The PCRA court appointed Counsel, who filed a formal notice of appeal on March 10, 2025.

The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Counsel thereafter filed a statement of her intention to withdraw from representation. Statement of Intention to Withdraw, 4/14/25. The PCRA court has filed an opinion.

Before we address Counsel's petition to withdraw, we address whether Appellant timely filed the instant appeal. The timeliness of an appeal implicates our jurisdiction. *Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*). Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. *Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007). Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. *Commonwealth v. Burks*, 102 A.3d 497, 499-500 (Pa. Super. 2014).

Here, the PCRA court filed its order dismissing Appellant's petition on January 17, 2025. However, the docket reflects that Appellant was not served

with the order until January 21, 2025. Docket Entry, 1/17/21, notation of service; PCRA Court Order, 1/21/25, notation. Thus, Appellant was required to file a notice of appeal within 30 days, or by February 20, 2025. **See** Pa.R.A.P. 903(a) (providing that "the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken").

On February 21, 2025, Appellant, who was no longer represented by counsel, filed a *pro se* statement indicating his wish to challenge the PCRA court's determination. Correspondence, 2/21/25; **see Commonwealth v. Williams**, 106 A.3d 583, 585-89 (Pa. 2014) (holding that a clerk of courts lacks the authority to reject, as defective, an otherwise timely notice of appeal; "therefore [it is] obligated to accept and process notices of appeal upon receipt in accordance with the Rules of Appellate Procedure, notwithstanding any perceived defects therein" (citations omitted)). The PCRA court's date stamp indicated Appellant filed his notice of appeal one day beyond the 30-day appeal period.

However, our review also discloses that the envelope Appellant used to mail his notice of appeal, from prison, bears a postal cancellation stamp dated February 18, 2025. "[J]ustice requires the appeal to be deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Because Appellant mailed his correspondence within the 30-day appeal period, we deem Appellant's appeal to be timely filed. **See id.**

We next address Counsel's petition to withdraw. As noted above, Counsel filed an **Anders** brief and petition to withdraw, asserting that Appellant's appeal is wholly frivolous.

> Counsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under [**Turner**/**Finley**]. Similar to the **Anders** situation, **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted). If counsel satisfies the technical requirements of **Turner**/**Finley**, then this Court must conduct its own independent review of the merits of the case. **Id.** If this Court agrees with counsel that the claims lack merit, then counsel will be permitted to withdraw. **See id.**

Here, upon our review of the **Anders** brief and Counsel's petition to withdraw, we find that Counsel has satisfied the technical prerequisites of **Turner**/**Finley**. Counsel's appellate brief outlines the issue Appellant wishes to raise, provides citations to the record, explains why the issue lacks merit, and demonstrates Counsel's thorough review of the matter.

In addition, Counsel's petition certifies that she sent Appellant a letter, and provided Appellant with her petition to withdraw and the **Anders** brief.

Petition to Withdraw, 8/27/25, letter, exhibits. Counsel's letter advises Appellant of his immediate right to proceed *pro se* or to retain new counsel. Counsel attached a copy of the letter to her petition to withdraw. ***Id.***, Exh. A. To date, Appellant has not filed a response to Counsel's petition or brief. We therefore proceed with our independent evaluation of the merits of the appeal.

Appellant presents the following issue for our review:

Whether the [PCRA] court erred in denying [] Appellant's motion for [PCRA] relief for being untimely filed[?]

***Anders*** Brief at 4.

We first address the threshold question of whether Appellant timely filed his PCRA petition. ***See Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." ***Id.*** (quotation marks and citation omitted); ***see also Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa. Super. 2022) ("[T]he timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief").

The timeliness of a PCRA petition is a question of law for which our standard of review is *de novo* and our scope of review is

plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014).

The PCRA provides the following mandates governing the timeliness of any PCRA petition:

> [**(b)**]**(1)** Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > **(i)** the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of the United States;
> >
> > **(ii)** the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > **(iii)** the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Additionally, the PCRA requires petitioners to file any petition invoking a statutory exception "within one year of the date the claim could have been presented. ***Id.*** § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on October 21, 2021, when the time for filing his direct appeal expired. ***See*** Pa.R.A.P. 903(a). Therefore, Appellant was required to file any PCRA petition within one year, or by October 21, 2022. Appellant filed his PCRA petition on February 21, 2025, well beyond the PCRA's one-year time limitation.

To overcome the PCRA's statutory time bar, Appellant asserts the government interference exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(i). **Anders** Brief at 14. According to Appellant, the "Commonwealth withheld body-cam video." **Id.** Appellant alleges "the video would have shown that the firearm was not in plain view."[3] **Id.**

As Counsel points out, however, the Commonwealth presented the body camera video at the February 19, 2021, evidentiary hearing on Appellant's suppression motion. **Id.** at 14-15 (citing Suppression Court Opinion, 4/11/21, at 5). At the very latest, Appellant was aware of the body camera video before his guilty plea, and more than one year prior to filing the instant PCRA petition. Thus, the record supports Counsel's assertion that Appellant failed to timely file the instant PCRA petition, and his appeal lacks merit.

Finally, our independent review discloses no additional meritorious issues that could be raised by Appellant. **See Wrecks**, 931 A.2d at 721. We therefore agree with Counsel's assessment that Appellant's PCRA petition is untimely filed; his petition is not subject to any of the PCRA's timeliness exceptions; and this appeal lacks merit. For this reason, we grant Counsel's petition to withdraw and affirm the PCRA court's order.

Petition to withdraw granted. Order affirmed.

---

[3] According to the suppression court, police conducted a stop of Appellant's vehicle, during which an officer observed "the butt of a gun in plain view on the driver's floor of the vehicle." Suppression Court Opinion, 4/20/21, ¶¶ 26-27.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025